UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MATTHEW STEPP, PLAINTIFF

v. CIVIL ACTION NO. 3:16-CV-00389-CRS

ALIBABA.COM, INC., AND
ALIEXPRESS.COM, DEFENDANTS

## MEMORANDUM OPINION

I. Introduction

Matthew Stepp filed this lawsuit against Alibaba.com, Inc. ("Alibaba") and AliExpress.com (collectively, "Defendants") in the Bullitt County, Kentucky Circuit Court. Compl. Ex. A, ECF No. 1-1. Alibaba removed the case to this Court. Notice of Removal, ECF No. 1. Alibaba moves to dismiss on behalf of both Defendants for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). ECF No. 10. In response, Stepp moves for leave to amend his complaint. ECF No. 14. For the following reasons, the Court will grant Stepp's motion for leave to amend and will dismiss the case against Defendants without prejudice.

II. Procedural and Factual Background

In 2014, Stepp ordered numerous bicycle helmets from Alibaba.com and AliExpress.com with the intent to re-sell them over the internet. Compl. Ex. A ¶ 8–9, ECF No. 1-1. Stepp alleges that the terms by which Defendants marketed and sold the helmets included an express warranty that the helmets "were genuine." *Id.* ¶ 17. On November 6, 2014, agents from United States Customs and Border Protection ("Customs") searched Stepp's home in search of counterfeit

1

goods. *Id.* ¶ 10. They seized forty-eight bicycle helmets from Stepp's home under the belief they were counterfeit goods. *Id.* ¶ 11–12. After Stepp filed a written protest of the seizure, Customs confirmed that the helmets were counterfeit and denied Stepp's petition for relief. *Id.* ¶ 14–15. Stepp brought the present action for common law fraud and breach of express and implied warranty under Article 2 of Chapter 355 of the Kentucky Revised Statutes. *Id.* at 3–5.

Defendant Alibaba moves to dismiss the case. Alibaba's Mot. Dismiss, ECF No. 10. Alibaba asserts that (1) Aliexpress.com is only a web address and thus is not a legal entity subject to suit and (2) Alibaba is not subject to personal jurisdiction in Kentucky. Alibaba's Mem. in Support of Mot. Dismiss 3, ECF No. 10-1. Alibaba asserts that it does not conduct business in Kentucky because it does not own, operate, or maintain Alibaba.com or AliExpress.com. *Id.* at 7. Rather, it is a marketing company that promotes the website Alibaba.com in the United States generally, without marketing directly to Kentucky. *Id.*

On July 21, 2016, Stepp filed a response to the motion to dismiss and a motion for leave to amend the complaint. ECF No. 13 & 14. Stepp's motion seeks to add Alibaba Group Holding Limited ("Alibaba Group") as a defendant, "in lieu of the existing Defendants." Pl.'s Mot. Am., ECF No. 14. Stepp seeks to make this amendment because he believes that Alibaba Group owns and controls Alibaba.com and Aliexpress.com. *Id.* Stepp argues that allowing this amendment would render Alibaba's motion to dismiss moot because it serves as a voluntary dismissal of the claims against Defendants. Pl.'s Mem. in Support of Resp. 3–4, 9, ECF No. 13. Alibaba has no objection to the amendment and the voluntary dismissal. Alibaba's Reply Mem. 2, ECF No. 15.

III. <u>Legal Standard</u>

Federal Rule of Civil Procedure 15(a)(2) allows for amendment of a pleading with "the court's leave. The court should freely give leave when justice so requires." This Court has

2

discretion in determining whether to grant leave to amend. *See Wallace Hardware Co., Inc. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000). Courts in the Sixth Circuit should consider the general policy of ensuring that cases are decided on their merits where possible. *See McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir. 1959). Thus, so long as the opposing party suffers no prejudice or disadvantage, the court should grant amendments to the complaint. *See Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961).

When a complaint is amended, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 Fed. App'x 804, 811 (6th Cir. 2011). Thus, when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal.

    IV.    <u>Analysis</u>

The Court sees no reason to deny Stepp's motion for leave to amend the complaint. Defendants do not oppose the motion. Granting leave to amend would be consistent with the Sixth Circuit's policy of ensuring that cases are decided on their merits because it appears to solve the jurisdictional problem pointed out in Alibaba's motion to dismiss. Moreover, there appear to be no statute of limitations issues that would preclude Stepp from bringing suit against Alibaba Group on these claims. *See* Ky. Rev. Stat. Ann. § 355.2-725(1). Therefore, this Court will grant Stepp's motion for leave to amend the complaint.

Granting Stepp's motion for leave to amend the complaint disposes of Alibaba's motion to dismiss by rendering it moot. The argument that AliExpress.com is only a website and is not a legal entity subject to suit is rendered moot because Stepp's amended complaint would serve as a voluntary dismissal of AliExpress.com. In support of the argument that Alibaba is not subject to personal jurisdiction in Kentucky, Alibaba points out that Defendants do not conduct business in

Kentucky because they do not own or control Alibaba.com or AliExpress.com. Stepp's amended complaint replaces Defendants with Alibaba Group; the entity which he believes actually owns and controls these websites. Such an amendment would appear to solve the personal jurisdictional issues pointed out in Alibaba's motion to dismiss, rendering that argument moot. Therefore, this Court will deny Alibaba's motion to dismiss as moot but will dismiss all claims against Defendants without prejudice on the basis of Stepp's motion for leave to amend.

V.     Conclusion

The Court will grant Stepp leave to file the amended complaint. As such, Stepp's claims against Alibaba and AliExpress.com will be voluntarily dismissed without prejudice on the basis of Stepp's motion for leave to amend. Alibaba's motion to dismiss will be denied as moot.

The Court will enter an order in accordance with this opinion.

September 30, 2016

Charles R. Simpson III, Senior Judge
United States District Court