UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MATTHEW STEPP                                                                                           PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:16-cv-00389-CRS

ALIBABA GROUP HOLDING LIMITED                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Alibaba Group Holding Limited, to dismiss this action for insufficient service of process, failure to prosecute, and lack of personal jurisdiction. For the reasons states herein, the court will **GRANT** the defendant's motion as to failure to prosecute.

### I. BACKGROUND

In 2014, the plaintiff, Matthew Stepp ("Stepp"), ordered numerous bicycle helmets online from the AliExpress e-commerce platform. (DN 18, ¶ 7.) Stepp alleges that he intended to re-sell the helmets to third party consumers through an E-Bay account. (*Id*. at ¶ 8.) In November of 2014, United States Customs and Border Protection ("CBP") agents searched Stepp's home and seized 48 bicycle helmets, purchased from "Alibaba Group through its AliExpress e-commerce platform," which they claimed to be counterfeit goods. (*Id*. at ¶ 11.) In 2015, CBP denied Stepp's protest contesting that the helmets were counterfeit. (*Id*. at ¶ 15.) Based on these events, Stepp was indicted by a federal grand jury in the Western District of Kentucky for mail fraud and trafficking of counterfeit goods. (*Id*. at ¶ 16.)

Stepp filed a Complaint in Bullitt Circuit Court, Kentucky in November of 2015, naming Alibaba.com, Inc. and AliExpress.com as defendants. (DN 1.) Stepp's Complaint alleged breach of warranty and fraud predicated on Stepp's alleged belief that the helmets were genuine and authentic goods, rather than counterfeit. (*Id*.) The case was removed to this court on the basis of diversity jurisdiction. (*Id*.) Stepp subsequently filed a proposed First Amended Complaint ("Amended Complaint") substituting Alibaba Group Holding Limited ("Alibaba Holding"), the parent company of Alibaba.com, Inc., as the defendant. (DN 14.) On September 30, 2016, the court granted Stepp's motion for leave to file the Amended Complaint and dismissed his claims against Alibaba.com, Inc. and AliExpress.com without prejudice. (DN 17.)

The record reveals a long history of delays, mistakes, and alleged miscommunications in effecting service upon Alibaba Holding. In July of 2016, with his proposed Amended Complaint, Stepp submitted a service of summons as to Alibaba Holding that listed the address of Alibaba.com, Inc. in San Mateo, California. (DN 14.) Alibaba Holding replied, clarifying that the proposed summons incorrectly stated the address of Alibaba Holding. (DN 15.) It also provided the purportedly correct address of Alibaba Holding's principal place of business in China. (*Id*.) However, this alleged error was not corrected upon the filing of the Amended Complaint and summons in October of 2016. (DN 19.)

Six months passed and Alibaba Holding contends that it was never served with the Amended Complaint. (DN 24-2, ¶ 2.) Stepp claims that this was due to the error of co-counsel. (DN 21.) Allegedly, co-counsel directed the Kentucky Secretary of State to serve the wrong entity, that is, USA Alibaba Int'l Enterprise Group Inc. rather than Alibaba Holding. (*Id*.) Plaintiff did not inform the court of this error until a status report in April of 2017, claiming that

counsel had just "recently realized such deficiency." (*Id*.) Therein, Stepp requested additional time to serve the proper entity. (*Id*.)

On April 29, 2017, this court entered an order granting Stepp a period of sixty days in which to accomplish service upon the proper defendant in this case. (DN 22.) The Order specified that failure to serve Alibaba Holding within this time would result in dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (*Id*.)

Stepp alleges that he attempted to serve the defendant "at its United States office in California by way of a California-based process server." (DN 25, Exh. 6, ¶ 2.) This entity allegedly refused to accept service under the premise that Stepp had named the wrong party. (*Id*. at ¶ 3.) Then, on June 26, 2017, a few days before the expiration of the sixty-day period afforded by the court, Stepp filed an executed summons and proof of service with the court. (DN 23.) This summons was addressed to Corporation Service Company (CSC) at a New York City location. (*Id*.) However, on July 6, 2017, Alibaba Holding filed the motion presently before this court and attached a June 19, 2017 letter from CSC, rejecting service of process. (DN 24, Exh. A.) Notably, this rejection letter was sent to Stepp on June 19, about a week before the executed summons and proof of service was filed with the court. (*Id*.) Stepp claims that this was due to a miscommunication with co-counsel. (DN 25, Exh. 6, ¶ 8.)

Alibaba Holding argues that CSC rejected service because, again, Stepp served the wrong defendant. Alibaba Holding testifies that it has not designated CSC as its general agent for service of process and it is therefore not authorized to accept service on behalf of Alibaba Holding. (DN 24-2, Ko Decl., ¶ 14.) Rather, Alibaba Holding claims that CSC was appointed as agent for the limited purpose of receiving notices and communications from the United States Securities and Exchange Commission ("SEC") pursuant to SEC regulations. (*Id*.) Ultimately,

Alibaba Holding alleges that "at no time has Alibaba Holding been served with the [First Amended Complaint]." (*Id.* at ¶ 11.) Because the sixty-day period afforded by the court for service has expired, Alibaba Holding asks the court to dismiss the action for failure to prosecute.[1]

## II. STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This rule is intended by the court to "effect management of its docket and avoidance of unnecessary burdens." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). While courts should be hesitant in applying this rule simply to sanction a delinquent lawyer, dismissal of the action is often appropriate in instances where a party has been warned that failure to cooperate could lead to dismissal. *Id.* (citing *Stough v. Mayville Community Sch.*, 138 F.3d 1091, 1095 (6th Cir. 1999)). This is particularly true in instances where "there is a clear record of delay or contumacious conduct." *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

## III. DISCUSSION

Alibaba Holding has been a named defendant in this action since September of 2016, and, to date, has not been served with the Amended Complaint. The facts illustrate a series of delays and mistakes in attempting to effect service upon the defendant, as well as multiple miscommunications. As Stepp has been afforded over a year to accomplish service on Alibiba Holding, including an additional sixty days by this court, and has been warned that failure to

---

[1] Alibaba Holding also moves this court to dismiss for insufficient service of process and lack of personal jurisdiction. Because this action will be dismissed for failure to prosecute, the issues of insufficient service of process and personal jurisdiction need not be discussed at this time.

serve the proper defendant in this time would result in dismissal, the court finds that Stepp's First Amended Complaint should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Stepp contends that Alibaba Holding has engaged in efforts to "dodge service." He additionally argues that CSC is indeed a general agent for service of process. These arguments are unconvincing. First nowhere does the record indicate that Stepp has attempted to serve the defendant at the address of Alibaba Holding's principal place of business in China. (DN 24-2, Ko Decl., ¶ 3.) The defendant provided the address of Alibaba Holding's purported principal place of business to Stepp in August of 2016. (DN 15.) Stepp does not explain why he never attempted service at the location provided by Alibaba Holding over a year ago. Alibaba Holding cannot be said to be dodging service based on these facts.

Second, the court is not convinced by Stepp's argument that Alibaba Holding has represented to the public that CSC is its general "agent for service of process in the United States." (DN 13.) The only evidence offered by Stepp on this assertion is one line on page 57 of a Form 20-F ("Form") filed with the SEC, stating: "Our agent for service of process in the United States is Corporation Service Company located at 1180 Avenue of the Americas, Suite 210, New York, New York 10036." (DN 25, Exh. 8, 57.) As previously stated, Alibaba Holding alleges that CSC is not its *general* agent for service of process, but is designated for the limited purpose of receiving notices and communications from the SEC pursuant to SEC regulation. (DN 24-2, Ko Decl., ¶ 14.) Consistent with these allegations, CSC sent Stepp a rejection of service of process upon receipt of the summons. (*Id*. at ¶ 16.) The court thus disagrees that there are "inferences to be drawn from [Alibaba Holding's] public statements" and disagrees that the language in the Form "must take precedence over the assertions set forth in its Motion." (DN 25, 5.) Stepp has not provided any other evidence tending to show that Alibaba Holding "publically

represents" that CSC is designated as its general agent for service of process and therefore this argument fails.

Because of the court's previous allowance of additional time to serve Alibaba Holding, as well as its warning that failure to serve the proper party in sixty days would result in a dismissal pursuant to Fed.R.Civ.P. 41(b), dismissal for failure to prosecute is appropriate in this case.

IV. CONCLUSION

For the reasons stated herein, the court will **GRANT** the motion of Alibaba Holding to dismiss for failure to prosecute. The First Amended Complaint will be dismissed without prejudice.

An order will be entered in accordance with this opinion.

January 16, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**